UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

DIANDRA DIAN CARRANDI, and others similarly-situated,

   Plaintiff,

vs.

PINTO TRANSFER & PACKING CORP., JENNY BAEZ and DELSE PEREZ

   Defendants.
_____/

# COMPLAINT

  COMES NOW Plaintiff, DIANDRA DIAN CARRANDI, by and through her undersigned attorneys, and hereby sues Defendants, PINTO TRANSFER & PACKING CORP., JENNY BAEZ and DELSE PEREZ, and as grounds alleges:

## JURISDICTIONAL ALLEGATIONS

  1. This is an action to recover monetary damages, liquidated damages, interests, costs and attorney's fees for willful violations of overtime pay under the laws of the United States, the Fair Labor Standards Act, 29 U.S.C. §§201-219) ("the FLSA").

  2. Plaintiff is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court.

  3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 because this action involves the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.*, a federal statute.

  4. Venue is proper in this district pursuant to 28 U.S.C. §1391(c) and (d).

5.     Defendant PINTO TRANSFER & PACKING CORP., is a Florida corporation which regularly conducted business in Miami-Dade County.

6.     PINTO TRANSFER & PACKING CORP. is and, at all times pertinent to this Complaint, was engaged in interstate commerce.  At all times pertinent to this Complaint, PINTO TRANSFER & PACKING CORP. operated as an organization which sells and/or markets and/or handles its services and/or goods and/or materials to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of numerous other states, and PINTO TRANSFER & PACKING CORP. obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.  Upon information and belief, the annual gross revenue of PINTO TRANSFER & PACKING CORP. was at all times material hereto in excess of $500,000.00 per annum.

7.     By reason of the foregoing, the PINTO TRANSFER & PACKING CORP. is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s) and/or Plaintiff is within interstate commerce.

8.     Defendants, PINTO TRANSFER & PACKING CORP. and PINTO EXPRESS, INC. are joint enterprises as defined by 29 U.S.C. 203(r) as the related activities between the two Companies, performed through unified operation and/or common control, are done for a common business purpose as the two companies shared employees, clients, equipment and finances.

9.     The individual Defendant, JENNY BAEZ, is an "employer," as defined in 29 U.S.C. § 203(d), as she has operational control over the Defendant corporation and is directly

involved in decisions affecting employee compensation and hours worked by employees such as Plaintiff and opt-in plaintiffs. Defendant JENNY BAEZ controlled the purse strings for the corporate Defendant. Defendant JENNY BAEZ hired and fired employees, determined the rate of compensation and was responsible for ensuring that employees were paid the wages required by the FLSA.

10. The individual Defendant, DELSE PEREZ, is an "employer," as defined in 29 U.S.C. § 203(d), as she has operational control over the Defendant corporation and is directly involved in decisions affecting employee compensation and hours worked by employees such as Plaintiff and opt-in plaintiffs. Defendant DELSE PEREZ controlled the purse strings for the corporate Defendant. Defendant DELSE PEREZ hired and fired employees, determined the rate of compensation and was responsible for ensuring that employees were paid the wages required by the FLSA.

## COUNT I: UNPAID OVERTIME WAGES

11. Plaintiff re-alleges and re-avers paragraphs 1 through 10 as fully set forth herein.

12. Plaintiff was employed by the Defendants as a non-exempt office assistant. Plaintiff was employed from approximately January 30, 2013 through July 6, 2015. Plaintiff was initially paid $10.00/hr. and received gradual increases until she earned $15/hr. at the end of her employment with Defendants.

13. Plaintiff worked an approximate average of 45 hours per week. From January 30, 2013 through on or about August 1, 2014, Plaintiff was not paid overtime wages at a rate of time and one half, when she worked more than 40 hours per week. Plaintiff is owed these overtime hours at a rate of half-time of her regular rate of pay.

14. The similarly situated individuals are those individuals whom were employed by the Defendants as office assistants and whom were not paid overtime wages, in whole or in part.

15. The FLSA requires that employees be paid overtime hours worked in excess of forty (40) hours weekly at a rate of time-and-one-half the regular rate. At all times material hereto, Defendants failed to comply with Title 29 U.S.C. § 201-219 and 29 C.F.R. §516.2 and §516.4 et seq. in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendants to properly pay her at the rate of time and one-half for all hours worked in excess of forty (40) per workweek as provided in the FLSA.

16. Defendants knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act. Defendants were aware of Plaintiff's work schedule and further aware that Plaintiff was working more than 40 hours per week. Defendants were aware of Plaintiff's pay records and the rate that she was being paid for her hours. Despite Defendants' having knowledge of Plaintiff's hours and their failure to pay overtime wages, Defendants did not change its pay practices and continued to fail to pay Plaintiff, and those similarly situated, the overtime wages she was due.

17. Plaintiff has retained the law offices of the undersigned attorneys to represent her in this action and is entitled to award of reasonable attorney's fees.

WHEREFORE, Plaintiff requests compensatory and liquidated damages, and reasonable attorney's fees and costs from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for overtime owing from Plaintiff's entire employment period with Defendants, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs. In the event that Plaintiff does not recover

liquidated damages, then Plaintiff will seek an award of prejudgment interest for the unpaid overtime, and any and all other relief which this Court deems reasonable under the circumstances.

## JURY DEMAND

Plaintiff and those similarly-situated demands trial by jury of all issues triable as of right by jury.

Dated: August 3, 2015

Law Office of Daniel T. Feld, P.A.
*Co-Counsel for Plaintiff*
20801 Biscayne Blvd., Suite 403
Aventura, Florida 33180
Tel: (786) 923-5899
Email: DanielFeld.Esq@gmail.com

*/s Daniel T. Feld*
Daniel T. Feld, Esq.
Florida Bar No. 37013

The Law Office of Isaac Mamane, PA
*Co-counsel for Plaintiff*
1150 Kane Concourse, Second Floor
Bay Harbor Islands, FL 33154
Telephone (786) 704 - 8898
E-mail: mamane@gmail.com

*s/ Isaac Mamane*
Isaac Mamane, Esq.
Florida Bar No. 44561