## SETTLEMENT AGREEMENT
## AND MUTUAL GENERAL RELEASE

PINTO TRANSFER & PACKING CORP. including all of its officers, directors, representatives, shareholders, owners, agents and employees, JENNY BAEZ, including her heirs, representatives, attorneys, successors, and assigns, DELSE PEREZ, including her heirs, representatives, attorneys, successors, and assigns (hereinafter collectively referred to as "Defendants") and DIANDRA DIAN CARRANDI, including her heirs, representatives, attorneys, successors, and assigns, (hereinafter referred to as "Plaintiff"), for good and valuable consideration, receipt of which is hereby acknowledged, and in order to resolve and settle finally, fully and completely all matters or disputes that now exist or may exist between them, agree as follows:

1. **Mutual General Release.** In consideration for the promises contained in this Settlement Agreement and General Release (the "Agreement"), the Parties unconditionally release and discharge each other (collectively referred to as the "Released Parties") with the exception of Plaintiff's pending unemployment claim, from any and all claims, demands, liabilities, and causes of action of any kind or nature, whether known or unknown, or suspected or unsuspected, which either party now owns or holds, or has owned or held against the Released Parties, including, but not limited to, any and all claims, demands, liabilities, or causes of action which arise out of, or are in any way connected with Plaintiff's employment with, or the separation of her employment with the Defendants, or which arise out of or are in any way connected with any loss, damage, or injury whatsoever to Plaintiff resulting from any act or omission by or on the part of the Released Parties committed prior to the date of this Agreement. Included in the claims, demands, liabilities, and causes of action being released and discharged by Plaintiff are all claims under Title VII of the 1964 Civil Rights Act; the Civil Rights Act of 1991; the Older Workers Benefit Protection Act; the Equal Pay Act; the Fair Labor Standards Act ("FLSA"); the Employee Retirement Income Security Act (ERISA); the Americans with Disabilities Act of 1990; the Rehabilitation Act of 1973; the Family and Medical Leave Act of 1993; 42 U.S.C. §§ 1981, 1985(3), and 1986; the Occupational Safety and Health Act; Chapter 760, Florida Statutes; the Florida Private Whistle-blower's Act of 1991; Chapter 11A of the Miami-Dade County Code; and any and all other laws, statutes, ordinances, treaties, rules or regulations of the United States of America, or any other country, state, county, municipality, or political subdivision thereof. This Release includes all claims which were, or could have been, asserted in the lawsuit styled <u>DIANDRA DIAN CARRANDI and all others similarly situated V. PINTO TRANSFER & PACKING CORP., JENNY BAEZ AND DELSE PEREZ</u>, Case No.: 15-22879-CIV-MORENO/O'SULLIVAN, pending before the U.S. District Court for the Southern District of Florida (hereinafter referred to as the "Litigation").

2. **Settlement Amount and Attorney's Fees.** In consideration of the promises of Plaintiff as set forth herein, the Parties agree to settle Plaintiff's claim for a total of Eight Thousand Three Hundred Sixty Dollars and no Cents ($8,360.00) to be paid on or before ~~October 29, 2015~~ November 6 2015. Out of the settlement proceeds, Plaintiff will receive a total of Two Thousand Two Hundred Fifty Dollars and No Cents ($2,250.00) allocated as One Thousand One Hundred Twenty Five Dollars and No Cents ($1,125.00) as Wages and One Thousand One Hundred Twenty Five Dollars and No Cents ($1,125.00) as liquidated damages. Plaintiff's Counsel will receive Five Thousand Ten Dollars and No Cents ($5,010.00) as attorneys' fees and One Thousand One Hundred Dollars and No Cents ($1,100.00) as costs.

1 of 4

3. **Indemnification.** Plaintiff acknowledges and agrees that it shall be solely and exclusively Plaintiff's obligation and responsibility to report to the appropriate governmental agencies and other authorities all monies received as wages and/or other compensation under this Agreement and to report and pay all related taxes or impositions. Plaintiff shall indemnify and hold harmless Defendants, their directors, officers, subsidiaries and affiliates from and against any and all claims, damages, losses, liabilities or obligations asserted, or imposed and/or threatened against Defendants by any person or entity relating, directly or indirectly, to the monies received by Plaintiff hereunder, including, without limitation, Plaintiff, the IRS, or any other person.

4. **No Re-Hire**: Plaintiff hereby agrees and recognizes: (a) that Plaintiff's employment with Defendants has ended and Plaintiff will not apply for or otherwise seek employment with Defendants or their divisions, parents, subsidiaries, parents' subsidiaries, affiliates, partners, limited partners and successors; and (b) that Defendants have no obligation to employ, hire, reinstate or otherwise engage Plaintiff in the future. Plaintiff further agrees and recognizes that if Plaintiff applies and/or is hired by Defendants or its affiliated entities in the future, this Agreement is sufficient and appropriate legal grounds for denying employment and/or terminating Plaintiff's employment regardless of whether the entity is specifically mentioned herein. The Parties further agree that any future acts by Defendants in denying Plaintiff employment, shall not be construed as retaliation pursuant to 29 U.S.C. 215(a)(3).

5. **Non-Admission Clause.** By entering into this Agreement, the Defendants do not admit any liability whatsoever to Plaintiff or to any other person arising out of any claims asserted, or that could have been asserted in any claim under the FLSA, and expressly deny any and all such liability.

6. **Non Disparaging Remarks.** Plaintiff agrees that she will not disparage Defendants, by written or oral word, gesture, or any other means, nor will they make any disparaging or negative comments about Defendants, to any person or entity. In the event that a prospective employer requests an employment reference for Plaintiff, the parties agree that Defendants will only provide dates of employment, and/or positions held, and/or rates of pay and will not make any reference to this lawsuit or Plaintiff's claim for overtime wages. Defendants shall not, directly or indirectly through a third party, disparage or denigrate Plaintiff. Defendants will not make any statement or take any action that is intended to disparage or denigrate Plaintiff.

7. **Jurisdiction.** The parties agree that jurisdiction over this matter shall be in the United States District Court for the Southern District of Florida which is presiding over the Litigation. The Agreement is governed by the substantive law of the State of Florida, and where applicable, federal law. If the district court chooses not to retain jurisdiction, then this Agreement shall be enforceable in the appropriate court in Miami-Dade County, Florida. The parties agree that the Court is to retain jurisdiction to enforce this agreement through January 1, 2016.

8. **Agreement Not to Be Used as Evidence.** Neither this Agreement, nor any act performed or document executed pursuant to or in furtherance of this Agreement may be deemed to be, or may be used as, an admission of, or evidence of the validity of any released claim, or of any wrongdoing in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal, other than in such proceedings as may be necessary to consummate or enforce this Agreement. Defendants, however, may file this Agreement in any action that may be

brought against it in order to support a defense or counterclaim based on principals of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

9. **Severability.** In the event that one or more terms or provisions of this Agreement are found to be invalid or unenforceable for any reason or to any extent, each remaining term and provision shall continue to be valid and effective and shall be enforceable to the fullest extent permitted by law.

10. **Entire Agreement.** This Agreement constitutes the complete understanding of the parties hereto and supersedes any and all prior agreements, promises, representations, or inducements, whether oral or written, concerning its subject matter. No promises or agreements made subsequent to the execution of this Agreement by these parties shall be binding unless reduced to writing and signed by an authorized representative of each party.

11. **Enforcement.** In the event any action is commenced to enforce said settlement agreement, the prevailing party shall be entitled to reasonable fees and costs.

12. **Voluntariness.** Plaintiff certifies that Plaintiff has fully read, negotiated, and completely understands the provisions of this Agreement, that Plaintiff has been advised by Defendants to consult with an attorney before signing the Agreement, and that Plaintiff is signing freely and voluntarily, and without duress, coercion, or undue influence.

13. **Counterparts**: This Agreement may be executed in multiple counterparts, each of which shall constitute an original, and all of which shall constitute one single Agreement. Faxed transmissions and/or copies of the signature block shall be deemed enforceable.

**REMAINDER OF PAGE INTENTIONALLY LEFT BLANK**


DIANDRA DIAN CARRANDI

By: _____
DIANDRA DIAN CARRANDI

Date: 10/28/2015

PINTO TRANSFER & PACKING CORP.

By: _____
Name: Delse Perez
Title: President
Date: 10-26-15

JENNY BAEZ

By: _____
JENNY BAEZ

Date: 10/26/15

DELSE PEREZ

By: _____
DELSE PEREZ

Date: 10-26-15